Isadore Hammond, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole et al., Respondents.

Submitted on briefs, November 13, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Isadore Hammond*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Gerald Gornish*, Acting Attorney General, for respondents.

OPINION BY JUDGE BLATT, January 18, 1979:

Isadore Hammond (petitioner) has filed a Motion for a Writ of Review, which we shall treat as a petition for review, alleging that his constitutional rights were violated. He argues that the Pennsylvania Board of Probation and Parole (Board), in recommitting him as a convicted parole violator, failed to hold his final parole revocation hearing within a reasonable time. Motions for summary judgment filed by both parties are presently before us.

While under parole supervision for prior offenses, the petitioner was arrested on April 27, 1977 on charges of Delivery of a Controlled Substance and Possession with Intent to Deliver. He was convicted of those charges in Philadelphia County on October 27, 1977, and a term of four years' probation was imposed. On the same day the petitioner was arrested by Agents of the Board for *technical* parole violations and was committed to the Philadelphia County Prison. On November 4, 1977, the petitioner signed a "Waiver of Preliminary Hearing" and a "Notice of Charges and Hearing" was forwarded to him on November 7, 1977. A hearing was scheduled before a representative of the Board at the Philadelphia prison. Prior to this hearing, however, the petitioner filed a written request on December 7, 1977 for a full board hearing. In anticipation of the Board hearing, he was again forwarded a "Notice of Charges and Hearing," and the Board took action on January 24, 1978, to return the petitioner to a state correctional institution

not only as a *technical* parole violator but also as a *convicted* parole violator. He was received at the State Correctional Institution at Graterford on February 14, 1978. He was afforded a full board/revocation hearing on March 9, 1978 and was recommitted by Board action dated March 14, 1978 as a *convicted* parole violator.

The petitioner contends that his revocation hearing was not held in a timely manner because more than four months elapsed from the time of his arrest until the time of the hearing. The Board's regulation found at 37 Pa. Code §71.2(11)[1] provides that in the case of a parolee charged with a technical violation, a violation hearing "will be scheduled as promptly as possible, but not later than 120 days of the Preliminary Hearing."

The Board acknowledges that the hearing held on March 9, 1978 was beyond 120 days from both the October 27, 1977 conviction and arrest date and November 4, 1977, the date on which the preliminary hearing was waived, but argues that these dates are not relevant for the start of the running of the 120-day period. It maintains that the starting date should properly be February 14, 1977, the date on which the petitioner was received at the State Correctional Institution. The Board relies on §71.4(2)(i) which provides that "[w]here the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as confinement . . . in a county correctional institution . . . the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the returning of the parolee to a State correctional facility."

This regulation was promulgated to allow the Board to defer the running of the 120-day limit until

---

[1] These regulations are currently found at 7 Pa. B. 488-91.

the parolee is properly within its jurisdiction because it has no control over that date when the parolee is subject to county jurisdiction. *See Gant v. Pennsylvania Board of Probation and Parole,* 32 Pa. Commonwealth Ct. 627, 380 A.2d 510 (1977). We believe that this regulation is not applicable where the parolee is at all times within the jurisdiction of the Board and is being held in a county institution, not at the request of the county authorities but at that of the Board itself.

The regulation setting the time limits for a hearing when the parolee is convicted of a new criminal offense is found at §71.4(2). This section provides that the "hearing shall be held within 120 days from the date the Board received official verification of the guilty verdict. . . ." We find it impossible to determine whether or not the Board properly complied with this regulation because the record does not indicate on what date the Board received the official verification of the parolee's conviction. We must therefore deny both the Board's and petitioner's motions for summary judgment without prejudice and direct that supplemental affidavits be filed by the Board as to the date on which it received official verification of the petitioner's guilty verdict whereafter the parties may timely file new motions.

ORDER

AND Now, this 18th day of January, 1979, the motions of the Pennsylvania Board of Probation and Parole and of Isadore Hammond for Summary Judgment are denied without prejudice and the Board is hereby directed to file supplemental affidavits within 20 days of this order as to the date on which it received official verification of the petitioner's guilty verdict.