Wesley Lamont Taylor, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole et al., Respondents.

Submitted on briefs, September 18, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Wesley Lamont Taylor,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., February 14, 1979:

Wesley Lamont Taylor (Petitioner) has filed a Complaint in Mandamus, which the Court will treat as a petition for review, alleging that the Pennsylvania Board of Probation and Parole (Board) failed to hold a final revocation hearing within a reasonable time. An answer was filed by Board with New Matter and a Certificate of the Chairman of the Pennsylvania Board of Probation and Parole included. Petitioner filed a reply to Board's New Matter.

Subsequently, Petitioner filed a motion for summary judgment and Board filed a cross motion for summary judgment. The case is presently before us for disposal pursuant to Pa. R.C.P. No. 1035.

The Chairman's Certificate, in pertinent part, reveals that Petitioner was originally sentenced June 13, 1972, to a term of two years, six months, to ten years for aggravated robbery and that he was paroled on March 22, 1974. On September 13, 1977, Petitioner was rearrested on a charge of retail theft. On September 19, 1977, a parole violation warrant was lodged at the Philadelphia County Prison Detention Center, charging technical parole violations. On September 23, 1977, Petitioner signed a waiver of preliminary hearing and a waiver of full Board hearing. On September 30, 1977, a violation hearing was afforded and the Board's action was to ''Recommit as a Technical Parole Violator, when available.'' On November 15, 1977, the Honorable N. A. JENKINS imposed a term of one year probation for the theft offense. On December 5, 1977, Petitioner signed a waiver of full Board revocation hearing. On January 25, 1978, Petitioner was received at the State Correctional Institution at Graterford. On March 23, 1978, Petitioner was afforded a revocation hearing and Board's action was recorded on April 28, 1978, to ''Reaffirm Board Action of October 31, 1977, and Recommit as a Convicted Parole Violator and Review in September.'' As a convicted parole violator, Petitioner's maximum term has been modified to July 3, 1982.

Petitioner's basic contention is that the commencement date for the 120-day period in which a final revocation hearing must be held is November 15, 1977, the date on which he was convicted and sentenced to one year probation for the theft offense.[1] Board

---

[1] This contention is pursuant to 37 Pa. Code §71.4 (currently found at 7 Pa. B. 490), which reads in pertinent part:

The following procedures shall apply in those cases in which the only violation charged is the conviction for a new criminal offense:

. . . .

counters that the regulation enacted[2] pursuant to the opinion and unpublished order in *United States ex rel. Burgess v. Lindsey*, 395 F. Supp. 404 (E.D. Pa. 1975), permitted Board to delay the final revocation hearing beyond the 120-day period from the probation date.

The regulation cited by the Board is not applicable where, as here, the parolee, having been given a sentence of one year probation, is being held at the county institution, not at the request of the county authorities nor as a result of the sentence imposed for the new conviction on the parolee, but rather solely as a result of Board action. *Hammond v. Pennsylvania Board of Probation and Parole*, 40 Pa. Commonwealth Ct. 14, 396 A.2d 485 (1979).

Where a parolee is convicted of a new criminal offense a "hearing shall be held within 120 days from

---

(2) The hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or *nolo contendere* or the guilty verdict at the highest trial court level. . . .

[2] The text of the regulation, adopting verbatim the language of Judge HIGGINBOTHAM in *United States ex rel. Burgess v. Lindsey*, 395 F. Supp. 404 (E.D. Pa. 1975), is as follows:

§71.4(2)(i) Where the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as confinement out of State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the full Board Revocation Hearing required by Commonwealth of Pennsylvania ex rel. Rambeau v. Rundle, 455 Pa. 8, 314 A.2d 842 (1973), in which case the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of the parolee to a State correctional facility. The parolee, who is confined in a county correctional institution and who waived the final Revocation Hearing by a quorum of the Board as required in the Rambeau decision shall be deemed to be within the jurisdiction of the Pennsylvania Bureau of Correction beginning with the date of his waiver of such Board hearing.

458

the date the Board received official verification of the guilty verdict. . . ." The record does not indicate on which date the Board received the official verification of the parolee's conviction. The motions for summary judgment are denied, without prejudice, and the Board is directed to file a supplemental affidavit evidencing the date on which the Board received official verification of the guilty verdict whereafter the parties may timely file new motions.

Accordingly, we

ORDER

AND Now, this 14th day of February, 1979, the motions of the Pennsylvania Board of Probation and Parole and Wesley Lamont Taylor for summary judgment are hereby denied, without prejudice, and the Pennsylvania Board of Probation and Parole is directed to supply a supplemental affidavit evidencing the date on which the Board received official verification of the guilty verdict within twenty (20) days of the date of this Order.