Spencer R. Dobson, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, January 9, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Spencer R. Dobson, Jr.*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *J. Justin Blewitt, Jr.*, Acting Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., March 2, 1979:

Spencer R. Dobson, Jr. (Petitioner) has filed a petition for writ of mandamus, treated as a petition for review, alleging that the Pennsylvania Board of Probation and Parole (Board) conducted his final revocation hearing outside jurisdiction of the Bureau of Correction and failed to hold that hearing within a reasonable time. Motions for summary judgment were filed by both parties and are presently before this Court.

The facts indicate:

1. Petitioner was originally sentenced April 2, 1971 to a term of 3½ to 7 years with an effective date of January 9, 1971. The minimum expiration date was July 9, 1974 and the maximum expiration date was January 9, 1978.

2. Petitioner was paroled October 9, 1974 and declared delinquent May 24, 1976.

3. Petitioner was rearrested January 19, 1977 on a variety of charges, lodged in the Philadelphia Detention Center, and subjected to Board warrant.

4. Petitioner was afforded a preliminary detention hearing February 1, 1977 and requested a Full Board hearing.

5. Board action March 10, 1977 was to detain pending disposition of criminal charges and return as a technical parole violator when available.

6. Petitioner was adjudged guilty of carrying a firearm without a license and sentenced to 30 days in the Philadelphia County Prison on April 6, 1977.

7. Petitioner was transferred from Philadelphia County Prison to City Hall, Philadelphia, on September 17, 1977 and afforded a Full Board revocation hearing.

Petitioner's initial contention is that the Board lacked jurisdiction to hold his final revocation hearing. This contention is based on facts which reveal that Petitioner was never returned to a State Correctional facility after serving his 30-day sentence on his 1977 re-arrest. Petitioner was being held at the Philadelphia County Prison as he had been since his re-arrest. He was then transferred directly to City Hall, Philadelphia, for his final revocation hearing before the Full Board, without ever being returned to a state correctional facility.

With this we disagree.

On the date of Petitioner's final revocation hearing, September 16, 1977, the Board had exclusive jurisdiction. Petitioner had fully served his 30-day sentence imposed April 6, 1977, for his January 19, 1977 re-arrest and was being held solely as a result of Board action. The fact that Petitioner was lodged at a County institution is not determinative of jurisdiction where, as here, Petitioner was not being held pursuant to the direction of the county authorities. *Hammond v. Pennsylvania Board of Probation and Parole*, 40 Pa. Commonwealth Ct. 14, 396 A.2d 485 (1978).

30

Petitioner's next contention is that his final revocation hearing held September 16, 1977, some five months and ten days after his conviction, was a violation of due process. The Board counters that the final revocation hearing which was held before Petitioner was returned to a state correctional institution actually enlarged the parolee's minimal due process rights in that the Board was not required by its new regulations to conduct a hearing until 120 days after receipt of official verification of the parolee's return to a state correctional facility.[1]

The facts indicate that Petitioner received a sentence of 30 days on his 1977 conviction which expired May 6, 1977. At the expiration of this date, Petitioner was held at the county institution solely as the result of Board action and thus was held exclusively under Board jurisdiction. Under this set of facts, the Board was not warranted in delaying Petitioner's final revocation hearing until 120 days after Petitioner returned to a state correctional facility. *Hammond v. Pennsylvania Board of Probation and Parole, supra.* The op-

---

[1] 37 Pa. Code §71.4(2)(i) (currently found at 7 Pa. B. 490) provides in pertinent part:

(i) Where the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as confinement out of State, confinement in a Federal correctional institution, or confinement in a county correctional institution where the parolee has not waived the full Board Revocation Hearing required by Commonwealth of Pennsylvania ex rel. Rambeau v. Rundle, 455 Pa. 8, 314 A.2d 842 (1973), in which case the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of the parolee to the State correctional facility. The parolee, who is confined in a county correctional institution and who waived the final Revocation Hearing by a quorum of the Board as required in the Rambeau decision shall be deemed to be within the jurisdiction of the Pennsylvania Bureau of Correction beginning with the date of his waiver of such Board hearing.

erative regulation setting the time limits for a hearing when the parolee is convicted of a new criminal offense is found at 37 Pa. Code §71.4(2) (currently found at 7 Pa. B. 490). This section provides that the "hearing shall be held within 120 days from the date the Board received official verification of . . . the guilty verdict. . . ."

The record is devoid of any indication of when the Board received official verification of the guilty verdict, which under these facts, commenced the running of the 120-day period. Under such circumstances, we must conclude that there is a genuine issue of material fact and deny the cross motions for summary judgment. The Board will be afforded an opportunity to cure the present defect in the pleadings by the filing of an appropriate affidavit, whereafter the parties may timely file new motions.

Accordingly, we

ORDER

AND Now, this 2nd day of March, 1979, the cross motions of the Pennsylvania Board of Probation and Parole and Spencer R. Dobson, Jr., for summary judgment are denied, without prejudice, and the Board is directed to file supplemental affidavits within twenty (20) days of this Order as to the date on which it received official verification of the Petitioner's guilty verdict.