Preston Hairston, Petitioner *v.* Fred W. Jacobs, Chairman, Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole et al., Respondents.

Submitted on briefs, July 30, 1979, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Preston Hairston*, petitioner, for himself.

*Stephen J. Mascherino*, Assistant Attorney General, with him *Robert A. Greevy*, Assistant Attorney

General, and *Edward G. Biester, Jr.*, Attorney General, for respondents.

OPINION BY JUDGE ROGERS, December 19, 1979:

Preston Hairston has filed a petition for review in the nature of mandamus asking us to overturn the action of the Pennsylvania Board of Probation and Parole recommitting him to prison as a convicted parole violator. The Board has filed an answer and new matter and both parties have filed motions for summary judgment. The issues are before us on briefs.

While on parole, Hairston was arrested by the Philadelphia police on October 21, 1977 and charged with theft, receiving stolen property and criminal trespass. He was released on bail but later arrested by agents of the Board as a result of the new criminal charges and asserted technical parole violations. After appropriate hearings by the Board, Hairston was continued on parole pending disposition of the new charges on condition that he participate in an in-patient drug treatment program. The Board was thereafter unable to locate Hairston and declared him delinquent as of December 9, 1977. On February 14, 1978 a bench warrant was issued for his arrest for failure to appear in court on the charges for which he was arrested on October 21, 1977. On March 15, 1978, he was arrested in Bucks County on charges of carrying a firearm without a license, criminal conspiracy and unsworn falsification to authorities. He was again released on bail on these charges. He was arrested in Philadelphia on May 6, 1978 and charged with new criminal offenses and violation of parole. On May 9, 1978 the Board filed a parole violation warrant charging criminal and technical parole violations and conducted a timely preliminary parole revocation hearing. After this hearing, the Board on July 12, 1978 ordered that Hairston be returned as a technical

parole violator "when available" and that a violation hearing be scheduled at the appropriate time.

On September 12, 1978, Hairston pleaded guilty in the Bucks County Court of Common Pleas to all charges related to his arrest of March 15, 1978. Judge EDMUND LUDWIG deferred sentencing. On October 6, 1978 the Philadelphia charges of October 21, 1977 were dismissed in Philadelphia Municipal Court and all other Philadelphia charges were dismissed on December 28, 1978. However, Hairston was sentenced in Municipal Court on January 11, 1979 to a term of two and one-half to five years to be served consecutively with his prior sentences for violation of the terms of his County probation. He was finally returned to the State Correctional Institution at Graterford on January 16, 1979. On February 8, 1979, the Board conducted a full board parole revocation hearing and decided to recommit Hairston as a convicted parole violator "when available" and to review his case after he has served twelve months on backtime. The Board's action was based on the Bucks County conviction, for which Hairston remains in deferred sentence status.

Mr. Hairston first says that the Board violated its own regulations by failing to conduct a final parole revocation hearing within 120 days of official verification of his conviction on September 12, 1978. The regulation on which he relies provides pertinently as follows:

(2) The hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or *nolo contendere* of the guilty verdict at the highest trial court level except as follows:

(i) If the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as confinement out-of-State, con-

finement in a Federal correctional institution, or confinement in a county correctional institution where the parolee has not waived the full Board Revocation Hearing . . ., *in which case the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of the parolee* to a State correctional facility. (Emphasis added.)

37 Pa. Code §71.4(2).[1]

It is undisputed that Hairston did not waive his full board revocation hearing and that he was confined in county institutions until his return to Graterford on January 16, 1979. The revocation hearing held on February 8, 1979, twenty-three days after his return to a state facility, was clearly within the time prescribed in subparagraph (i).

Hairston argues that subparagraph (i) is inapplicable because he was within the jurisdiction of the Board even though he was confined in county facilities. In support of this he cites *Hammond v. Pennsylvania Board of Probation and Parole*, 40 Pa. Commonwealth Ct. 14, 396 A.2d 485 (1979), where we held that a parolee who is confined in a county institution solely at the request of the Board is within the jurisdiction of the Board for purposes of Section 71.4(2). Hairston says that since he was free on bail for all outstanding charges as of May 6, 1978, his confinement after that date was solely the result of the Board's parole violation warrant. This argument ignores the fact that Hairston was arrested on criminal charges on May 6, 1978 and that he remained in custody on these charges until they were dismissed on December 28, 1978. It also ignores the outstanding bench warrant issued February 14, 1978. Since Hairs-

---

[1] These regulations are also found at 7 Pa. B. 488-91 (February 19, 1977).

ton was in custody on new charges until December 28, 1978, the final revocation hearing conducted on February 8, 1979 was held within 120 days of that date.[2]

Hairston next says that the Board erred in failing to credit his original sentence with the time he spent in custody on the Board's warrant of May 9, 1978. We disagree. In *Carter v. Rapone,* 39 Pa. Commonwealth Ct. 160, 394 A.2d 1092 (1978), we held that a parolee is entitled to credit on his original sentence only where his detention was due solely to the warrant of the Board. Here, as we have noted, Hairston's detention after May 9, 1978 was not due solely to the Board's warrant but was the result of new criminal charges.

### ORDER

AND Now, this 19th day of December, 1979, the motion for summary judgment of the Board of Probation and Parole is granted and the motion for summary judgment of Preston Hairston is denied, and judgment is hereby entered in favor of the Board of Probation and Parole.

---

[2] Hairston's argument also fails for the reason that on July 25, 1978 he requested a continuance of the final hearing until disposition of all outstanding criminal charges. The Board thereafter made a reasonable effort to conduct the hearing at the earliest possible date after disposition of the charges as required by 37 Pa. Code §71.4(2)(ii).