Irvin Sharp, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 26, 1982, before Judges BLATT, WILLIAMS, JR., and DOYLE, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., November 21, 1983:

Petitioner Irvin Sharp has filed a petition for review with this Court challenging a decision of the Pennsylvania Board of Probation and Parole (Board). The Board revoked petitioner's parole and recommitted him to prison as a convicted parole violator.

In April of 1976, petitioner was sentenced to a term of three to ten years of imprisonment on a charge of robbery, and was released on parole from that conviction on July 11, 1979. On December 29, 1979, he was arrested in Philadelphia on new criminal charges which included robbery, theft, and possession of an instrument of crime, and was lodged at the Philadelphia Detention Center in lieu of bond. The Board filed a parole violation warrant against Sharp on December 31, 1979, citing the arrest on these new charges. A preliminary hearing was held in Philadelphia Municipal Court on January 18, 1980, at which time it was determined that a *prima facie* case against petitioner had been established. As a result of this determination, the Board ordered that petitioner be detained pending disposition of the criminal charges.[1]

Sharp was convicted on the charges of robbery and possession of an instrument of crime on May 27, 1980, and was confined at the Philadelphia County Prison. Sentencing on the charges was deferred. On May 29, 1980, he requested a full Board parole revocation hearing, which was scheduled to convene on September 12,

---

[1] *See* 37 Pa. Code §71.3(1)(i).

1980. On June 27, 1980, however, the petitioner requested that the hearing be continued pending sentencing and the disposition of any post trial motions. He signed a waiver of his right to a full Board hearing on July 11, 1980.[2]

On September 9, 1980, Sharp was sentenced on the charges of robbery and possession of an instrument of crime to a term of two to five years at the State Correctional Institute at Graterford. He was transferred from the Philadelphia County Prison to Graterford on September 12, 1980.

A revocation hearing was scheduled for September 25, 1980. On that date, the petitioner, who is indigent, requested a continuance in order to obtain counsel to represent him at the hearing. On October 9, 1980, the date to which the hearing was rescheduled, Sharp again requested a continuance because he had been unable to secure counsel. The hearing was held before a Board Hearing Examiner on October 23, 1983, despite the fact that petitioner still had not secured counsel and did not wish to proceed in the absence thereof. Based on the Hearing Examiner's recommendation, the Board rendered a decision, on December 4, 1980, revoking petitioner's parole and recommitting him to prison, as a convicted parole violator, to serve the balance of his original sentence.

Thereafter, pursuant to 37 Pa. Code §71.5(h), Sharp applied to the Board for administrative review of its order of December 4, 1980. On May 20, 1982, following the denial of his application, he filed with this Court a pro se petition for review.[3]

---

[2] See *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842, (1973).

[3] In accordance with *Bronson v. Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), and *Passaro v. Pennsylvania Board of Probation and Parole*, 56 Pa. Commonwealth Ct. 32, 424

We first address the petitioner's contention that his revocation hearing was not timely held, and that, therefore, he is entitled to relief in the form of an order dismissing, with prejudice, the parole violation charges brought against him. The procedures which apply in cases such as this, where the parole violation charged is a conviction for a new criminal offense, are set forth at 37 Pa. Code §71.4. Section 71.4(2) requires the Board to hold the parole revocation hearing within 120 days of the date it receives official verification of the conviction, except as follows:

(i) If the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as confinement out-of-state, confinement in a Federal correctional institution, or confinement in a county correctional institution where the parolee has not waived the full Board Revocation Hearing required by Commonwealth of Pennsylvania ex rel. Rambeau v. Rundle, 455 Pa. 8, 314 A.2d 842 (1973), in which case the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of the parolee to a State correctional facility. *The parolee, who is confined in a county correctional institution and who waived the final Revocation Hearing by a quorum of the Board as required in the Rambeau decision shall be deemed to be within the jurisdiction of the Pennsylvania Bureau of Correction beginning with the date of his waiver of such Board hearing.* (Emphasis added.)

Following his conviction on the new criminal charges on May 27, 1980, and prior to his transfer to

A.2d 561 (1981), the Office of the Public Defender of Montgomery County was appointed to represent petitioner on appeal to this Court.

the State Correctional Institute at Graterford on September 12, 1980, the petitioner was confined at the Philadelphia County Prison. On July 11, 1980, while incarcerated at the county facility, he executed a waiver of his right to a full Board hearing. Thus, pursuant to Section 71.4(2)(i), the Board had jurisdiction over petitioner as of July 11, 1980. *The 120-day period within which the Board was required to hold a revocation hearing did not begin to run until petitioner came within its jurisdiction on that date.*[4] Sharp's revocation hearing was conducted on October 23, 1980, less than 120 days after July 11, 1980. Furthermore, the period of delay in conducting the hearing, from September 12, 1980, when the hearing was originally scheduled, to October 23, 1980, when the hearing was held, was the result of petitioner's three requests for a continuance, and is therefore excluded from the calculation of the 120-day period. 37 Pa. Code §71.5(i)-(2). Clearly, petitioner's hearing was timely held in accordance with the law.

We next turn to the petitioner's argument that it was error for the Hearing Examiner to conduct the hearing on October 23, 1980, because petitioner was not represented by counsel and did not wish to proceed without such representation. We agree.

---

[4] Had petitioner been confined in Philadelphia County solely at the request of the Board, and had he not been incarcerated on criminal charges lodged there, he would have been within the Board's jurisdiction at all times, and subparagraph (i) of Section 71.4(2) would have been inapplicable. *See Hammond v. Pennsylvania Board of Probation and Parole*, 40 Pa. Commonwealth Ct. 14, 396 A.2d 485 (1979). However, since the new criminal charges intervened prior to the date the Board detained petitioner, the Board did not have jurisdiction over him until he waived a full Board hearing on July 11, 1980. *See Terrell v. Jacobs*, 37 Pa. Commonwealth Ct. 493, 390 A.2d 1379 (1978).

It is now well-established that parolees are entitled to the representation of counsel at parole revocation hearings. *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973); *Commonwealth v. Tinson,* 433 Pa. 328, 249 A.2d 549 (1969). The Board's regulations recognize this right by providing that, prior to a revocation hearing, the parolee must be notified of his right to counsel, his right to free counsel if he is unable to afford to retain counsel of his own choice, and the name and address of the public defender. 37 Pa. Code §71.4(3)(ii). Furthermore, the regulations specifically state that if a parolee appears without counsel at a revocation hearing, and wishes to exercise his right to representation, that fact must be documented by the Hearing Examiner and signed by the parolee. 37 Pa. Code §71.4(5)(iv). The Examiner must then terminate the proceedings, have the parolee returned to custody, and initiate action to have the hearing rescheduled promptly. *Id.*

Petitioner's revocation hearing, however, was held before this Court rendered its decision in *Passaro v. Pennsylvania Board of Probation and Parole,* 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981). In that case, in which two appeals from the Board were consolidated, two indigent parolees who had been convicted on new criminal charges were denied representation for their revocation hearings by the public defenders of the counties where they had been convicted, and also by the public defenders of the counties where they were incarcerated subsequent to their convictions. Following uncounseled revocation hearings, at which neither parolee waived the right to counsel, the Board recommitted each to prison. On appeal, we held that the public defender of the county in which an indigent parolee is incarcerated *must,* up-

on proper request, provide counsel for such parolee at the Board's revocation hearings.

Petitioner is indigent, and accordingly, had the right to free representation by counsel at his parole revocation hearing. He was unable to secure counsel, and therefore, in light of *Passaro,* the Board's order revoking petitioner's parole is vacated, and the case is remanded with directions that the Board promptly schedule a new hearing. Counsel at that hearing shall be provided by the Office of the Public Defender of the county where petitioner is presently incarcerated.

### ORDER

AND Now, the 21st day of November, 1983, the order of the Pennsylvania Board of Probation and Parole revoking the parole of Irvin Sharp is hereby vacated, and the case is remanded with directions that the Board promptly schedule a new hearing. It is further ordered that counsel at that hearing shall be provided by the Office of the Public Defender of the county where petitioner is presently incarcerated.

