William Anderson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 26, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Marjorie F. DeSanto,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 28, 1986:

The Pennsylvania Board of Probation and Parole denied William Anderson administrative relief from an order rescinding parole and recommitting him as a technical and convicted parole violator. He appeals; we affirm the Board's order.

While on parole, Anderson was arrested in Montgomery County and charged with new criminal offenses.[1] Two days later, Anderson was arrested in Bucks County and charged with additional offenses.[2] Anderson was detained under Board warrant until disposition of these new criminal charges. He pled guilty to the Montgomery County charges and was convicted on the Bucks County charges.

---

[1] He was charged with possession of marijuana with intent to deliver and with violation of the Controlled Substance Drug, Device and Cosmetic Act, 35 Pa. C. S. §780-113(a)(30).

[2] Anderson was charged with burglary, robbery (thirteen counts), false imprisonment (six counts), and terroristic threats (six counts), criminal mischief, unlawful restraint (six counts), aggravated assault (twelve counts), simple assault (twelve counts), recklessly endangering another person (six counts), possession of instruments of crime, theft by unlawful taking or disposition, receiving stolen property, and conspiracy (twelve counts). The specific sequence of events, as shown in the record, is as follows:

On September 21, 1981, Anderson forcibly entered a Bucks County home and proceeded to commit a robbery, taking a large quantity of coins and thirty-five pounds of marijuana. Later that day, Anderson and a friend were apprehended in a blue van in a parking lot in Montgomery County. Thirty-eight pounds of marijuana, four rifles, three handguns and $2,600 cash were found in the back of the van. A police radio reported the van as being involved in an armed holdup in Bucks County. Anderson was arrested, charged and held in Montgomery County. Subsequently, on September 23, 1981, charges were entered against Anderson in Bucks County.

The Board recommitted Anderson, by order of May 12, 1982, to serve twelve months on his original sentence as a result of his conduct in Montgomery County. On February 15, 1983, the Board received certification of the Bucks County conviction. A full Board revocation hearing on this conviction was held May 5, 1983. As a result, the Board ordered Anderson recommitted as a convicted parole violator to serve the remainder of his original sentence.

Our scope of review of a Board recommitment order is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether the order is in accordance with law, and whether any constitutional rights have been violated. *Zazo v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

Anderson contends that the May 5, 1983 revocation hearing is invalid because it was held more than 120 days after his preliminary hearing on the Bucks County charges. This contention is meritless. The 120-day period runs from the time the Board receives notice of conviction.[3] The Board received notice of the Bucks County charges on February 15, 1983. The May revocation hearing was therefore held well within the applicable 120-day period.

Anderson also contends that his entire case should have been reviewed monthly pursuant to 37 Pa. Code §71.3(11)[4] to locate any new criminal charges which would activate the 120-day time limit. However, this

---

[3] Board regulations provide: "The [revocation] hearing shall be held within 120 days from the date the Board received official verification of the . . . guilty verdict. . . ." 37 Pa. Code §71.4(2).

[4] *Arrest for a New Criminal Offense*

The following procedures shall apply in those cases in which the only violation charged is the arrest for a new criminal offense: . . . (11) If the Board has taken action to detain the parolee pending disposition of criminal charges,

section only applies where the parolee is being held solely on the Board's detainer. A review of the record reveals that no bond was ever set or posted on Anderson's new criminal charges, thus he was not being detained *solely* on a Board detainer.

Anderson further argues that his constitutional right against double jeopardy was violated since the Board recommitted him as a parole violator based on his Montgomery County conviction and later recommitted him for the Bucks County conviction. This argument lacks merit. Double jeopardy prohibitions do not apply to parole revocation proceedings because they are administrative, not criminal in nature. *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 110 (1985); *Gundy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 618, 478 A.2d 139 (1984).[5]

---

the case will be reviewed monthly by the Board or its designee to determine the status of the new criminal charges and whether the detainer or warrant should be lifted.

This issue is one of first impression before our Court.

[5] The issue in *McClure* was whether petitioner's double jeopardy rights were violated when the Board recommitted him as both a technical and convicted parole violator arising from the same conduct. The astute language in *McClure* states that the *original* sentence of McClure, four years prior to his parole violations, is the criminal offense with which he must contend if the constitutional protection against double jeopardy should be applied. In that case, like the case at bar, he was not tried again for the original offense nor was the sentence for that offense adjusted in any way, therefore not twice jeopardizing his life or limb. *McClure v. Pennsylvania Board of Probation and Parole,* 75 Pa. Commonwealth Ct. 176, 461 A.2d 645 (1983).

Moreover, had Anderson desired to continue the parole revocation hearing on the Montgomery County charges until disposition on the Bucks County charges, it was incumbent upon him to request a continuance. 37 Pa. Code §71.5(i)(2). *Chancey v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 42, 46-7, 477 A.2d 22, 24 (1984).

Anderson next contends that Section 110 of the Crimes Code[6] bars prosecution on the Bucks County offenses because they arose from the same criminal episode for which he had earlier been prosecuted in Montgomery County. Such a contention is outside this Court's jurisdiction. Challenges to criminal convictions must be directed to the Superior Court.[7]

Finally, Anderson contends that he was denied his due process right to effective assistance of counsel.[8] Our review of the record, however, reveals no serious errors of counsel which prejudiced Anderson's defense. Thus, this contention must be rejected. *See LaCourt v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985).

Accordingly, we affirm the Board's order.

---

[6] 18 Pa. C. S. §110(1)(ii) provides:

*§110. When prosecution barred by former prosecution for different offense*

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

. . . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense. . . .

[7] Section 742 of the Judicial Code, 42 Pa. C. S. §742.

[8] Anderson argues that his counsel erred in (1) only addressing the Board twice, (2) failing to interrogate potential witnesses and (3) failing to explain any mitigating circumstances to the Board.

## Order

The Pennsylvania Board of Probation and Parole Board order, No. 9642K dated February 22, 1985, is affirmed.