510 A.2d 387

Henry Scott Myers, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 11, 1985, to Judges CRAIG and PALLADINO, and Senior Judge Barbieri, sitting as a panel of three.

*F. P. Kimberly McFadden,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, June 2, 1986:

This is an appeal by Henry Myers (Petitioner) from a denial of his request for administrative relief by the Board of Probation and Parole (Board). We affirm.

On November 12, 1982, Petitioner was sentenced to prison for a term of not less than two years and not more than four years, eleven months and twenty-nine days for aggravated assault. He was paroled on May 30, 1984 subject to a number of conditions including: (1) condition 1—that he report to a parole office in New York State and not leave the parole district without permission; (2) condition 3—that he report regularly to the parole supervision staff in New York; (3) condition 6a—that he refrain from consuming alcoholic beverages; and (4) condition 6b—that he participate in an out-patient alcohol therapy plan. On October 31, 1981 Petitioner was arrested as a technical parole violator for violating the above-listed conditions of his parole.

A violation hearing was held on February 8, 1985 at which Petitioner admitted and stipulated to violations of conditions 3, 6a and 6b. Petitioner denied violating condition 1. A report from the New York State parole authorities which summarized Petitioner's activities and adjustment to parole and which indicated that Petitioner had left the parole district without permission was admitted into evidence, over the objection of Petitioner's attorney. The hearing examiner found that there was good cause to admit the report because the authority

issuing the report was outside the jurisdiction of the Board. The hearing examiner concluded that the evidence presented failed to establish a violation of condition 1, but recommended that Petitioner be recommitted as a technical parole violator for the admitted violations of conditions 3, 6a and 6b. The Board accepted the hearing examiner's recommendation and recommitted Petitioner to serve a total of twenty-one months backtime; six months for violation of condition 3 and fifteen months for violations of conditions 6a and 6b. In its recommitment order the Board indicated that it relied upon Petitioner's admission and the New York parole authorities' report. Petitioner's request for administrative relief from the recommitment order was denied.

Petitioner now appeals to this Court asserting that he was denied due process of law because he did not have an opportunity to confront and cross-examine the author of the report from the New York State parole authorities. This argument is without merit. Hearsay evidence is admissible in parole revocation hearings provided that the hearing examiner makes a finding of good cause for its admission, but a decision to recommit a technical parole violator may not be based solely upon hearsay evidence. *Grello v. Board of Probation and Parole*, 83 Pa. Commonwealth Ct. 252, 477 A.2d 45 (1984). *See also* 37 Pa. Code §71.5(d) (hearing examiner to make good cause finding for admission of hearsay evidence).

In the case at bar, the Board's decision to recommit Petitioner was not based at all upon hearsay evidence; it was based upon Petitioner's admission of, and stipulation to, violations of conditions 3, 6a and 6b. The violation of condition 1, which Petitioner denied, was rejected by the Board because it was not established by a preponderance of the evidence.

Furthermore, the hearing examiner did make a proper finding of good cause for the admission of the report from the New York parole authorities because the witness who prepared the report was not within the jurisdiction of the Commonwealth and was therefore unavailable.[1] Therefore, to the extent that the Board may have relied upon the report in determining the amount of backtime which Petitioner would be required to serve, it did not commit error. The backtime which Petitioner has been ordered to serve is within the presumptive range provided by 37 Pa. Code §75.4 and will not be disturbed by this Court.

Accordingly, the decision of the Board is affirmed.

---

[1] We note that in *Hracho v. Board of Probation and Parole*, Pa. Commonwealth Ct. , 503 A.2d 112 (1986) we stated in *dicta* that the hearing examiner failed to show good cause for admitting hearsay evidence based upon the Board's inability to subpoena out-of-state witnesses.

*Hracho*, however, is distinguishable from the case at bar in that the hearsay involved in *Hracho* was a copy of a letter which was not witnessed, notarized or written on official letterhead. The letter contained no indicia of authenticity. Furthermore, this letter was the sole piece of evidence offered to support the petitioner's recommitment. Under these circumstances, and in response to the Board's argument that its inability to subpoena out-of-state witnesses constituted good cause to place complete reliance on a piece of evidence with absolutely no intrinsic indicia of reliability, we suggested that the Board did have alternative means to secure more reliable evidence, including the use of letters rogatory.

It was not our intent in *Hracho* to require the Board to use the procedure of letters rogatory to obtain out-of-state testimony in every instance. Statements from out-of-state witnesses who are not subject to the Board's subpoena power may be admitted into evidence and may support a recommitment order upon a finding of good cause if they contain some intrinsic indicia of reliability and are corroborated by other evidence in the record.

578

AND NOW, June 2, 1986, the decision of the Board of Probation and Parole, dated May 29, 1985, in the above-captioned case is affirmed.