525 A.2d 1272

Michael Stahl, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 24, 1986, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

Michael F. Salisbury, Rosamilia, O'Connor & Salisbury, for petitioner.

Arthur R. Thomas, Assistant Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, May 21, 1987:

Petitioner, Michael Stahl, seeks review of the denial of administrative relief from a decision of the Pennsylvania Board of Probation and Parole (Board) which revoked his parole and recommitted him as a technical parole violator. We affirm.

Petitioner's parole was revoked for violation of condition No. 5A of his parole which provided that petitioner shall not be in possession of illegal narcotics or drugs. At the parole revocation hearing, Parole Officer Hopper testified as to the results of a urine test made by the laboratory and outlined the procedure used prior to the test. He testified that a vial of urine was provided by the petitioner to a prison official who labeled the specimen. The vial is then ordinarily permitted to either remain in the office or it is sometimes placed in a refrigerator before being mailed to the laboratory.

Counsel for the petitioner objected *not* to the result of the laboratory test, but rather to the custodial procedure concerning the vial prior to testing, particularly to the lack of any safeguards eliminating access by other inmates. As to the results of the laboratory test itself, the hearing examiner felt there was good cause for its admission. However, on the question of custodial proce-

dure there was no finding, and in fact, he said he would leave it up to the Board.

The Board, without discussing the custodial procedure, simply stated that the tape of the hearing revealed a finding of good cause. In fact, there was no objection to the admissibility of the urinalysis report itself, as hearsay. Our inquiry, therefore, is limited to what extent, if any, the custodial procedure tainted the reliability of the report as hearsay, thus affecting its evidentiary basis for an administrative determination of a factual issue.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

In *Powell v. Pennsylvania Board of Probation and Parole*, 100 Pa. Commonwealth Ct. 7, 513 A.2d 1139 (1986), the issue was the admission into evidence of an unsigned computer report, to support the drug abuse technical violation. The report was a laboratory report which referred to a urine specimen taken from the petitioner, and confirmed that the drug screen was positive for listed controlled substances. At the hearing before the examiner, there was no person from the laboratory offered to support the content of the report or to otherwise authenticate it. This court held that the report in *Powell* was not admissible in evidence since it lacked sufficient indicia of reliability and regularity. In the instant case, however, we are not concerned with the result of the laboratory report because it was admitted without objections. *Powell* is therefore not relevant to the issue presented in this case.

Our inquiry is whether the hearing examiner abused his discretion in admitting this evidence. It is not whether the procedure was foolproof or whether third persons may have had access to it. Rather, we must determine whether the evidence has probative value, *i.e.*, whether it tends to prove the issue involved and its relevancy. It is the weight of such evidence, as would be accepted by a reasonably prudent person in the conduct of his affairs, which, once admissible, is for the fact finder.

With few exceptions, all relevant evidence is admissible. Relevant evidence means any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 410.

There is no test for relevancy. It depends on logic and experience. Likewise, there are no special rules with respect to authentication or the so-called "chain of custody." All that is required is that the exhibit remain unaltered or untainted during the period in which it changed hands. It is not necessary to preclude the possibility of doubt. *Commonwealth v. Mazarella,* 279 Pa. 465, 124 A.2d 163 (1924).

The control of the admissibility of evidence is always within the discretion of the fact finder. Once admitted, it is for the fact finder to determine its weight and credibility. Parole Officer Hopper testified that a vial of urine was provided by the petitioner to the prison official who labeled the specimen which remained in the office or the refrigerator before being mailed to the laboratory. Certainly, such evidence was relevant on the issue of custody and the fact finder did not abuse its discretion in admitting it as evidence. Nor can it be concluded by this court that the fact finder's conclusion that there was no taint was not proper.

Reviewing the record, we find that there was no error in admitting this evidence. Accordingly, we affirm the Board.

ORDER

Now, May 21, 1987, the decision of the Pennsylvania Board of Probation and Parole is affirmed.

President Judge CRUMLISH, JR. and Judge DOYLE concur in the result only.