531 A.2d 592

Kelly Damron, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 22, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, September 28, 1987:

Kelly Damron (petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief from a Board recommitment.

On November 23, 1984 the petitioner was released from the State Correctional Institution at Camp Hill (Camp Hill) to the Maryland Division of Probation and Parole, which was to supervise his parole. Special conditions of the parole required that he enroll in, and successfully complete, an in-patient drug and alcohol rehabilitation program, as well as an out-patient drug and alcohol therapy program. A failure to successfully complete either of these programs would constitute a violation of his parole. 37 Pa. Code §67.1(c).

On January 1, 1985 the petitioner successfully completed the required in-patient therapy, but, on August 7, 1985, he was unsatisfactorily discharged from the out-patient program. A Board warrant was thereafter forwarded to the Maryland parole authorities on September 13, 1985. A full Board revocation hearing was held at Camp Hill, pursuant to which the petitioner was found to have violated general parole condition, 5(i) (refrain from unlawful possession, use or sale of controlled substances) (67 Pa. Code 65.4(5)(i)), and the aforementioned special condition regarding his failure to successfully complete out-patient therapy. He was subsequent-

ly recommitted to serve the remainder of his unexpired term. Administrative relief was denied and this appeal followed.[1]

Our scope of review of a Board order, of course, is limited to determining whether or not constitutional rights were violated, an error of law was committed, or a necessary finding is unsupported by substantial evidence. *Anderson v. Pennsylvania Board of Probation and Parole*, 94 Pa. Commonwealth Ct. 369, 503 A.2d 1039 (1986).

The petitioner contends that the Board's conclusion of a violation of condition 5(i) was not supported by substantial evidence because the Board relied upon inadmissible hearsay in the form of laboratory reports. Specifically, the petitioner contends that, inasmuch as the Board *never requested* the presence of either a representative from the Virginia laboratory, which performed the urinalysis tests, or from the Maryland Division of Probation and Parole, to testify to the accuracy and reliability of those tests, the Board's good cause finding for their admission was erroneous.

We initially note that Board regulations pertinently provide:

> In technical violation hearings, . . . witnesses upon whose testimony the parole revocation would be based shall appear and be subject to examination by the parolee except when the Examiner finds on the record good cause for not allowing such confrontation. In hearings under the provisions set forth in §§71.3 (relating to arrest for a new criminal offense) and 71.4 (relating to conviction for new criminal offense), docu-

---

[1] The petitioner does not challenge the Board's conclusion that he violated the special condition of successfully completing outpatient therapy.

mentary evidence and reports may be utilized
solely, provided the Examiner is satisfied as to
their authenticity, relevancy and accuracy.

37 Pa. Code §71.5(d). And, in the case *sub judice,* the
Examiner stated that there was good cause to admit the
laboratory reports into evidence even though no one
was present to testify to their accuracy and reliability,
because the persons with such knowledge were beyond
the subpoena power of the Board. *Myers v. Pennsylva-
nia Board of Probation and Parole,* 97 Pa. Common-
wealth Ct. 574, 510 A.2d 387 (1986) (a good cause find-
ing based upon the unavailability of witnesses, due to
the fact that they are outside the Commonwealth of
Pennsylvania, and, therefore, not subject to the Board's
subpoena power is not in error). Inasmuch as we find
*Myers* to be controlling on the good cause issue, we
need not address the petitioner's contentions that the
Board should have made some effort to compel the out-
of-state witnesses' appearance, or that the Board failed
to show that the laboratory which performed the test
was one approved by the Board.[2]

Having concluded that the Board's good cause ruling
was not in error, we must also determine whether or
not there was substantial evidence to support the
Board's recommitment order.

We initially note that the evidence relied upon here
to support the petitioner's recommitment consisted of
laboratory reports, prepared in Virginia at the request

---

[2] Our review of the relevant statute and regulations reveals no
basis for imposing upon the Board a duty to attempt to coax
witnesses into its jurisdiction when it has no authority to compel
their appearance. Likewise, where, as here, a parolee is supervised
by the parole authorities of another state upon his request, the
Board is not required to prove that the laboratory chosen by the
other state is also approved by the board, so long as there is some
indicia of reliability on the face of the laboratory report. *See Myers.*

of the Maryland parole authorities. And, in order for such reports to be admissible as a business record exception to the hearsay rule, they must contain some indicia of regularity and reliability such as the laboratory letterhead, the signature of a known and responsible staff member, or some other mark of reliability. *Powell v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 7, 513 A.2d 1139 (1986), *petition for allowance of appeal denied,* 514 Pa. 640, 523 A.2d 346 (1987).

Our review of the record of this case indicates that the laboratory reports relied upon by the Board do contain the necessary letterhead and signature of the pathologist director so as to qualify them as business records, and, therefore, an exception to the hearsay rule.[3] Accordingly, we must hold that the laboratory reports herein constitute substantial evidence to support the petitioner's recommitment.

We will, therefore, affirm the order of the Board.

## ORDER

AND NOW, this 28th day of September, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.

---

[3] If out-of-state laboratory reports, containing the required letterhead and signature, thereby evidencing their reliability, were held not to be business records, then the Board would have no recourse when a parolee, released to another state's jurisdiction, chose to violate his parole by using drugs or alcohol outside the Commonwealth of Pennsylvania.