532 A.2d 1223

Gordon E. Fenton, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs December 9, 1986, to President Judge CRUMLISH, JR. and Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Allen P. Powanda*, First Assistant Public Defender, Centre County Public Defender Office, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, October 19, 1987:

Gordon Fenton (petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief from a Board recommitment.

On August 20, 1979, the petitioner was released on parole and he was to be supervised in New York. The New York parole authorities subsequently notified the

Board that the petitioner had absconded from supervision on December 10, 1984, pursuant to which the Board issued a warrant for his arrest. The arrest was made in Florida and he was then returned to Pennsylvania where he was recommitted to serve eighteen months backtime[1] for technical violations of general parole conditions 1 (leaving the parole district without permission) and 2 (changing residence without permission). 37 Pa. Code §63.4(1) and (2). Administrative relief was denied and this appeal followed.

The petitioner initially contends that he was improperly denied the right to confront the witnesses who prepared the New York "Cooperation Violation of Parole Report" (Report) and the Florida teletypes, indicating that he was apprehended there, which documents were submitted into evidence at his revocation hearing.[2]

In order for the Report and the teletypes to be admissible, the Board was required to make a good cause finding as to why they should be admissible without witnesses present to testify to their validity and reliability. *Myers v. Pennsylvania Board of Probation and Parole*, 97 Pa. Commonwealth Ct. 574, 510 A.2d 387 (1986). And the hearing examiner here found that there was good cause to admit the documents into evidence without witness confrontation because the necessary individuals were located in New York and Florida, and, therefore, were not subject to the Board's subpoena power. This issue was squarely addressed in *Myers*,

---

[1] The March 11, 1986 order modified a prior order subsequent to a remand from this Court.

[2] Our scope of review, of course, is limited to determining whether or not constitutional rights have been violated, an error of law has been committed, or a necessary finding is unsupported by substantial evidence. *Anderson v. Pennsylvania Board of Probation and Parole*, 94 Pa. Commonwealth Ct. 369, 503 A.2d 1039 (1986).

where we held that a good cause finding based on the inability of the Board to subpoena out-of-state witnesses did not constitute an error.[3] *Damron v. Pennsylvania Board of Probation and Parole*, 109 Pa. Commonwealth Ct. 554, 531 A.2d 592 (1987).

We must, of course, still determine whether or not there is substantial evidence to support the Board's finding of violations of general parole conditions 1 and 2. Preliminarily, we note that the petitioner, in his brief, admits that he was detained by Florida law enforcement authorities on May 31, 1985, pursuant to a Board warrant. He contends, however, that the record, including the Report and the teletypes relied upon by the Board, fails to establish either that he traveled outside the parole district *without permission* or that he *changed his address*. Accordingly, he challenges not only the substance of the documents, but also their admissibility.

Hearsay evidence, of course, even if objected to, is admissible in parole revocation hearings so long as the Hearing Examiner makes a good cause finding for its admission. 37 Pa. Code §71.5(d); *Grello v. Pennsylvania Board of Probation and Parole*, 83 Pa. Commonwealth Ct. 252, 477 A.2d 45 (1984). A decision to recommit, however, may not be based *solely* on that uncorroborated hearsay. *Myers*.

The evidence here relied upon by the Board consisted of the New York Report and the Florida teletypes. And, our review of the record indicates that the Report was sent to Pennsylvania under the Interstate Correc-

---

[3] Inasmuch as we find *Myers* to be controlling on this issue, we will not address the petitioner's argument that the Board should have requested that the New York and Florida officials appear at the revocation hearing, when they had no authority to compel their presence.

tions Compact,[4] is certified, and is signed and dated by the parole officer and area supervisor responsible for overseeing the petitioner's parole. Accordingly, we believe that the Report contains the necessary indicia of regularity and reliability so as to qualify it as a business record, and, therefore, as an exception to the hearsay rule. *See Damron; see also Powell v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 7, 513 A.2d 1139 (1986). Inasmuch as the Report is an exception to the hearsay rule, we believe that constitutes substantial evidence to corroborate the Florida teletypes.[5]

Furthermore, a purpose of the Interstate Corrections Compact[6] is to afford parolees the opportunity to have their parole supervised by a state other than the paroling state. Accordingly, the reports of a supervising state, if properly signed and certified, must be given due weight in order for the Interstate Corrections Compact to have any effect. Moreover, inasmuch as the Report states that the petitioner "left [his] approved residence . . . without the permission of [his] parole officer," we believe that the Report constitutes substantial evidence to support a finding that the petitioner violated general parole condition 2 (changing his residence without permission). Furthermore, the petitioner's admission that he was arrested in Florida, together with the Florida teletypes and the parole officer's statement in the Report that the petitioner absconded without

---

[4] Act of December 30, 1974, P.L. 1075, 61 P.S. §§1061-1063.

[5] Although the Florida teletypes are computer printouts, the type of which were specifically disapproved of in *Powell,* they are corroborated by the New York Report and the petitioner's admission that he was arrested in Florida. The Board, therefore, did not err in considering the teletypes, for the petitioner's recommitment was not based solely on those teletypes.

[6] 61 P.S. §1062.

permission on December 10, 1984 and that his whereabouts were unknown as of the date of the Report, February 19, 1985, constitutes substantial evidence to support a finding that the petitioner violated general parole condition 1 (leaving parole district without permission). We believe, therefore, that there is substantial evidence to support the Board's recommitment.

The petitioner also argues that the Board failed to establish that parole had ceased to be an effective means of rehabilitation, and that, in light of the mitigating factors in the petitioner's case, the requirement that he serve eighteen months backtime was excessive. We have already held that the Board is not required to make a finding that parole has ceased to be effective in order to recommit a parole violator. *Pickert v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 44, 514 A.2d 252 (1986). And where, as here, the period of backtime ordered by the Board is within the presumptive ranges for the parole conditions violated, we further believe that the Board is under no duty to list mitigating or aggravating circumstances. We will not interfere, therefore, with the Board's exercise of its discretion.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 19th day of October, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.