544 A.2d 107

Robin Carter, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 26, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Dwight-Jared Smith*, Chief Deputy Public Defender, for petitioner.

*Timothy P. Wile*, Assistant Chief Counsel, with him, *Robert A. Greevy*, for respondent.

OPINION BY JUDGE PALLADINO, July 18, 1988:

Robin Carter (Petitioner) appeals from a decision of the Pennsylvania Board of Probation and Parole (Board) denying Petitioner's request for administrative relief. We affirm.

Petitioner was on parole when he was arrested April 12, 1987 in Bridgeton, New Jersey, on charges of burglary, criminal mischief, and possession of a hypodermic needle. On July 6, 1987, he was convicted and sentenced on a lesser charge of disorderly conduct in the Municipal Court of the City of Bridgeton.

Petitioner's parole agent charged Petitioner with the following parole violations: 1) failure to maintain regular

contact with parole staff; 2) failure to notify parole staff within 72 hours of an arrest and; 3) failure to comply with all Municipal, County, State and Federal criminal laws. A parole revocation hearing was held on August 4, 1987 at the State Correctional Institution at Graterford.

At the hearing, the Board received into evidence, over Petitioner's objection, the following documents: a copy of the signed commitment report from the Bridgeton Municipal Court dated July 6, 1987; a certified arrest report from the Bridgeton Police Department; a certified New Jersey Department of Corrections Report dated May 4, 1987 relating to Petitioner's transfer to Pennsylvania; and a special report from the New Jersey Parole Bureau dated April 21, 1987 relating to Petitioner's arrest on April 12, 1987. Based upon these documents and the testimony of the parole agent, the Board found that Petitioner violated all the conditions charged and recommitted Petitioner to serve 12 months backtime as a Technical Parole Violator.

Petitioner appeals only the Board's finding that he failed to comply with Municipal, County, State and Federal criminal law. He asserts that he was denied the opportunity to confront those who prepared documentation used to support this charge and that there is no good cause for this denial. He also avers that the documents constituted hearsay.[1]

Our scope of review of a Board decision is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact are supported by substantial evidence. *Stahl v. Pennsylvania Board of Probation and Parole,* 106 Pa. Commonwealth Ct. 274, 525 A.2d 1272 (1987).

---

[1] The documents are hearsay and must qualify under a good cause finding to be admissible under Board regulations. *See* 37 Pa. Code §71.5(d).

We initially note that Board regulations pertinently provide:

> In technical violation hearings . . . , witnesses upon whose testimony the parole revocation would be based shall appear and be subject to examination by the parolee except when the Examiner finds on the record good cause for not allowing such confrontation.

37 Pa. Code §71.5(d).

Following Petitioner's hearsay objection, the Board found on the record that good cause existed to deny confrontation. Board Opinion at 26-31. The Board stated that good cause existed because the documents were authored by persons outside its subpoena power and the documents contained certain indicia of reliability.

"Good cause" in this context (probation and parole revocation hearings), has not been legislatively defined. *Grello v. Pennsylvania Board of Probation and Parole*, 83 Pa. Commonwealth Ct. 252, 477 A.2d 45 (1984). However, this Court has repeatedly found that good cause exists for admitting a report when the witness who prepared the report was unavailable because of absence from the Commonwealth and the report contains some indicia of authenticity. *Fenton v. Pennsylvania Board of Probation and Parole*, 110 Pa. Commonwealth Ct. 320, 532 A.2d 1223 (1987); *See Damron v. Pennsylvania Board of Probation and Parole*, 109 Pa. Commonwealth Ct. 554, 531 A.2d 592 (1987).

In *Myers v. Pennsylvania Board of Probation and Parole*, 97 Pa. Commonwealth Ct. 574, 510 A.2d 387 (1986), we upheld a Board finding of good cause for admission of a parole activities report because New York parole authorities who prepared the report were not within the jurisdiction of the Commonwealth. We also noted: "Statements from out-of-court witnesses who are not subject to the Board's subpoena power may be ad-

mitted into evidence and may support a recommitment order upon a finding of good cause if they contain some intrinsic indicia of reliability and are corroborated by other evidence in the record." *Id.* at 577 n.1, 510 A.2d at 388 n.1.

Here, the witnesses who prepared the reports were in New Jersey and outside the Board's subpoena power. In addition, the documents admitted were signed, two were certified and all were on official letterhead. We are satisfied that the Board properly found them to be admissible. Therefore, because the witnesses who prepared the documents were out-of-state and not subject to the Board's subpoena power and the documents contained sufficient indicia of authenticity, we hold that good cause existed to deny Petitioner's right to confront the preparers.

The Board raises another issue contending that the issues involved here are wholly frivolous. The Board does not request attorney fees, as permitted by Pa. R.A.P. 2744 for appeals determined to be frivolous, but seeks a prospective ruling to discourage future similar appeals. We decline for the reasons that follow.

An appeal is wholly frivolous when no justiciable question has been presented and the appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed. *Collis v. Zoning Hearing Board of Wilkes-Barre*, 77 Pa. Commonwealth Ct. 4, 465 A.2d 53 (1983).

This court has traditionally been reluctant to declare an appeal frivolous. Also, we recognize the well-established right to appeal a parole revocation order to this Court. *Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980) *cert. denied,* 450 U.S. 1050 (1981). However, Pa. R.A.P. 2744 permits this court to award reasonable attorney fees following a finding that the appeal is wholly frivolous.

We believe the good cause issues have not yet been completely settled. *See e.g. Grello* and *Razderk v. Pennsylvania Board of Probation and Parole,* 76 Pa. Commonwealth Ct. 176, 463 A.2d 111 (1983) (disapproval of good cause findings based on Board's former rule excusing the attendance of witnesses who resided more than fifty miles from the hearing site); *Hracho v. Board of Probation and Parole,* 94 Pa. Commonwealth Ct. 222, 503 A.2d 112 (1986) (finding no good cause to admit a copy of a letter not on official letterhead when the board did not make an effort to have the author appear at the hearing); *Vereen v. Board of Probation and Parole,* 101 Pa. Commonwealth Ct. 63, 515 A.2d 637 (1986) (counsel's failure to make hearsay objection to the admission of a laboratory report was of arguable merit in determining effectiveness of counsel). Therefore, we decline to find the issues presented here wholly frivolous.

Accordingly, the order of the Board is affirmed.

ORDER

AND NOW, July 18, 1988, the order of the Board of Probation and Parole in the above-captioned matter is affirmed.