602 A.2d 434
**Donald WILLIAMS, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION
AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 1, 1991.

Decided Jan. 14, 1992.

32

David Crowley, Chief Public Defender, for petitioner.
Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

COLINS, Judge.

This is an appeal by Donald Williams (petitioner) from an order of the Pennsylvania Board of Probation and Parole (Board) denying petitioner's request for administrative relief from an order of the Board reaffirming its recommitment action.

Petitioner, on November 23, 1981, was sentenced by the Montgomery County Court of Common Pleas (trial court) to a period of incarceration of two and one-half to five years for theft and a consecutive period of two to five years for possession of an instrument of crime. On November 15, 1985, petitioner was paroled from the aforementioned sentences but was found delinquent (his whereabouts unknown) by the Board as of September 4, 1986. On June 30, 1987, authorities in Milledgeville, Georgia, arrested petitioner on new criminal charges. Because of the new charges, petitioner was incarcerated in a Georgia state correctional facility. On November 28, 1988, the Georgia State Board of Pardons and Paroles (Georgia Board) notified petitioner that he was scheduled to be paroled on December 9, 1988, a tentative date until petitioner's actual release. Petitioner alleges that because he was led to believe Pennsylvania authorities were about to pick him up on the Pennsylvania detainer, he waived extradition.

Petitioner was not, in fact, paroled until August 23, 1989 when Pennsylvania authorities picked him up. On October 25, 1989, the Board held a revocation hearing to decide whether to recommit petitioner as a parole violator. During this hearing, petitioner, through counsel, objected to the timeliness of the hearing, averring that he had been available for the Pennsylvania detainer on or about December 9, 1988, but was not picked up by Pennsylvania authorities until August 23, 1989.

The Board, by order dated November 7, 1989, recommitted petitioner as a technical and convicted parole violator to serve 48 months backtime, and on December 4, 1989, petitioner, objecting to the timeliness of the revocation proceeding, again requested administrative relief. The Board de-

nied this administrative appeal and petitioner, on January 29, 1990, filed a petition for review with this Court. By order dated September 6, 1990, the Court remanded the matter to the Board for clarification as to when Georgia authorities made petitioner available to Pennsylvania authorities and to determine whether the Board acted "with reasonable dispatch to return Petitioner to Pennsylvania." *Williams v. Pennsylvania Board of Probation and Parole*, 134 Pa.Commonwealth Ct. 597, 602, 579 A.2d 1369, 1372 (1990).

After a hearing held on December 20, 1990, the Board reaffirmed its recommitment order, and petitioner, on March 26, 1991, filed a Petition for Administrative Relief. By order dated June 18, 1991, the Board denied this administrative appeal, which denial resulted in the present Petition for Review now before us for disposition.

■ Our scope of review of a Board decision is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact are supported by substantial evidence. *Stahl v. Pennsylvania Board of Probation and Parole*, 106 Pa.Commonwealth Ct. 274, 525 A.2d 1272 (1987).

■ Petitioner first argues that the Board erred in allowing hearsay testimony in the form of affidavits from Christopher Hamilton (Director of Legal Services for the Georgia State Board of Pardons and Paroles) and J. Robertson Haworth (Director of Central Operations of the Georgia State Board of Pardons and Paroles) (Haworth), because neither affidavit indicated any basis of personal knowledge of material facts and hence both were unreliable and inaccurate.

Further, petitioner disputes the admission of this evidence over hearsay objections that no good cause was presented to justify denial of his right to confront adverse witnesses. The right of confrontation, according to petitioner, was particularly crucial in his case because of inconsistency between statements contained in the affidavit from Ha-

worth of the Georgia Board and initial averments in an earlier letter, made by Haworth to petitioner and the Board.

While hearsay is admissible in parole revocation hearings under certain circumstances, contends petitioner, the admissibility of such evidence is not unrestricted. Petitioner cites *Hracho v. Pennsylvania Board of Probation and Parole*, 94 Pa.Commonwealth Ct. 222, 503 A.2d 112 (1986) as being analogous to the present fact situation. In *Hracho*, the Court found no showing of good cause justifying the absence of adverse out-of-state witnesses (who had prepared petitioner's parole report) at the revocation hearing, as well as no evidence that the Board made a good faith attempt (as by letters rogatory) to request the appearance of the out-of-state witnesses. In addition, petitioner argues that although in *Myers v. Pennsylvania Board of Probation and Parole*, 97 Pa.Commonwealth Ct. 574, 510 A.2d 387 (1986), the Court noted it was not its intent in *Hracho* to mandate, in every instance, the use of letters rogatory to obtain out-of-state testimony, and that such testimony is admissible if it contains some "intrinsic indicia of reliability" and if "corroborated by other evidence in the record,"[1] the present case differs from *Myers* because of inconsistency between Haworth's affidavit and his prior letter to petitioner, coupled with the lack of any other evidence supporting recommitment.

Finally, petitioner argues that although this Court, in its remand order, required the Board to explain the nine month delay in picking up petitioner in Georgia pursuant to the Pennsylvania detainer, the Board failed to adequately address the delay issue, had the burden of proving the timeliness of the revocation hearing, attempted to shift that burden to petitioner, and failed to produce any evidence linking the delay to an alleged extradition problem. *Saunders v. Pennsylvania Board of Probation and Parole*, 130 Pa.Commonwealth Ct. 612, 568 A.2d 1370, *petition for allowance of appeal denied*, 527 Pa. 620, 590 A.2d 760 (1990). Based on the foregoing contentions, petitioner al-

1. *Id.,* 97 Pa.Commonwealth Ct. at 577 n. 1, 510 A.2d at 388 n. 1.

leges that his due process rights, as provided for by *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), were denied and that because he was subjected to a parole revocation hearing eleven months after conviction for the offense underlying the subject parole violation without an adequate explanation from the Board for the delay in transferring him from Georgia to Pennsylvania, all charges against him for recommitment should be dismissed with prejudice. *Abbruzzese v. Pennsylvania Board of Probation and Parole*, 105 Pa.Commonwealth Ct. 415, 524 A.2d 1049 (1987).

The Board counters petitioner's position by first arguing that it correctly found good cause for admitting the affidavits of the Georgia parole officials because out-of-state witnesses are not subject to the Board's subpoena power. In support of its argument, the Board refers to *Maxfield v. Pennsylvania Board of Probation and Parole*, 114 Pa.Commonwealth Ct. 162, 538 A.2d 628 (1988), as authority for depending solely on hearsay to support a fact finding in cases where the Board finds good cause for not allowing confrontation. Further, the Board refutes petitioner's argument that Haworth's affidavit contradicted his prior letter to petitioner which contained the statement, "the Board's detainer was all that prevented Williams' release until August 23, 1989." The Board maintains that this statement simply meant the Georgia Board cancelled petitioner's imminent release on parole in response to the Pennsylvania detainer, an act over which the Board had no control. The Board, therefore, concludes that because the Georgia Board cancelled petitioner's prospective release on parole, petitioner did not become available to the Board until August 23, 1989.

We disagree. It is well-established that where petitioner alleges untimeliness in the revocation hearing, the Board has the burden of proving, by a preponderance of evidence, that the hearing was, in fact, timely. *Abbruzzese.* Title 37 Pa.Code § 71.4 provides in pertinent part:

(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:

(i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

The record in this case indicates that, on December 8, 1988, the Georgia Department of Corrections (Corrections Department) advised the Board that it had received the detainer on petitioner. Pennsylvania authorities, therefore, were fully aware that the Georgia officials knew about the detainer. Although the affidavits from the Georgia authorities as contained in the record, emphasize that the Georgia Board was unable to proceed until the Corrections Department forwarded the Georgia Board a copy of the detainer, they fail to adequately explain why a copy was not sent until July 17, 1989, at which time the Georgia Board made an official determination to transfer petitioner to the detaining authority, effective August 23, 1989. Unarguably, such administrative laxity on the part of the Corrections Department is deserving of censure; however, the Board is equally responsible for its failure to promptly execute the detainer with the Corrections Department; had the Board done so, optimistically, the Corrections Department would not have taken virtually eight months to transfer the detainer to the Georgia Board, and petitioner would have been delivered to Pennsylvania authorities within a more reasonable time frame.

It was for explanation of the delay that this Court, in *Williams*, remanded the matter to the Board stating:

When the record contains no official verification, the 120–day period begins to run on the date that the Board could have obtained official verification.   See *Murray v. Jacobs,* 99 Pa.Commonwealth Ct. 39, 47, 512 A.2d 785, 789 (1986).   The present situation is analogous to a parolee being held in a county institution at the Board's request. Under such circumstances the 120–day time limitation is not tolled but begins to run from the date of release by county authorities.   Id., 99 Pa.Commonwealth Ct. at 46, 512 A.2d at 789.   Indeed, if the regulation were interpreted to permit the Board to toll the 120–day period by simply leaving Petitioner in Georgia, there could be a denial of due process.   Unreasonable and unjustifiable delays which are not attributable to the parolee or his counsel do not toll the running of the 120 days.

.     .     .     .     .

Obviously, the Board cannot arbitrarily choose to leave a parolee in confinement in another state.

*Id.,* 134 Pa.Commonwealth Ct. at 601–602, 579 A.2d at 1371–1372.

In consideration of the above, our review of the record does not indicate any substantial evidence justifying the Board's failure to execute the detainer within a reasonable period of time.

■  Turning now to petitioner's allegations that the Board, in its misplaced reliance upon *Myers,* failed to prove "good cause" for allowing affidavits from out-of-state adverse witnesses and thereby denied petitioner's constitutional right to confront them, we also agree.   Traditionally, "good cause" in probation and parole revocation hearings "has not been legislatively defined."   *Grello v. Pennsylvania Board of Probation and Parole,* 83 Pa.Commonwealth Ct. 252, 255, 477 A.2d 45, 46–47 (1984).   Even in *Myers,* the Court found good cause to admit a parole report from authorities not within the Commonwealth jurisdiction to be conditioned upon finding "some intrinsic indicia of reliability" and corroboration "by other evidence in the record."

*Id.,* 97 Pa.Commonwealth Ct. at 577 n. 1, 510 A.2d at 388 n. 1.

In the present case, our review of the record indicates no substantial evidence to corroborate the Board's good cause finding. Specifically, although the affidavits from the Georgia Board authorities appear on "official" letterhead, they fail to clarify the issue of petitioner's "tentative" release on parole and fail to adequately explain the delay regarding the detainer. Moreover, in view of the remand order from the prior *Williams* case to determine whether Pennsylvania or Georgia authorities were responsible for not promptly processing the detainer, it was incumbent upon the Board to at least attempt to require the presence of Georgia authorities at petitioner's hearing. As in the analogous *Hracho* situation, the record here contains no evidence indicating the Board attempted to compel the appearance of the out-of-state parole authorities who prepared the affidavits, although the present fact pattern and the prior Court order clearly required doing so. Therefore, we find that the Board did err in admitting the affidavits and, consequently, did not adequately explain the delay.

This Court has repeatedly held that "[w]here the Board has failed to present substantial evidence as to the timeliness of the Petitioner's revocation hearing thereby failing to meet its burden of proof by a preponderance of the evidence that the hearing was timely, the appropriate remedy is a dismissal of the parole violation charges with prejudice." *Johnson v. Pennsylvania Board of Probation and Parole,* 129 Pa.Commonwealth Ct. 652, 660, 566 A.2d 918, 922 (1989), *aff'd,* 525 Pa. 573, 583 A.2d 790 (1991).

Accordingly, based upon the foregoing discussion, the order of the Board is reversed, and the parole violation charges against petitioner are dismissed.

## ORDER

AND NOW, this 14th day of January, 1992, the order of the Pennsylvania Board of Probation and Parole in the

above-captioned matter is reversed, and the parole violation charges against petitioner are hereby dismissed.