Anthony DELGADO, Jr., Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 10, 1996.

Decided June 21, 1996.

David Crowley, Chief Public Defender, for Petitioner.

Arthur R. Thomas, Assistant Chief Counsel, for Respondent.

Before SMITH and PELLEGRINI, JJ., and MIRARCHI, Senior Judge.

PELLEGRINI, Judge.

Anthony Delgado, Jr. (Delgado) appeals an order of the Pennsylvania Board of Probation and Parole (Board) recommitting him to the remainder of his original term of imprisonment[1] for multiple technical parole violations.

On January 17, 1989, Delgado was sentenced to five to ten years imprisonment[2] after he pled nolo contendere to charges of rape,[3] involuntary deviate sexual intercourse,[4] statutory rape[5] and indecent assault[6] involving his stepdaughter. On April 22, 1993, Delgado was paroled with a number of general conditions, including that he "refrain from any assaultive behavior"[7] and a number of special conditions,[8] one of which was that he attend an outpatient sex offender treatment program until it was determined that this treatment was no longer necessary.

On April 11, 1995, Delgado was arrested and charged with violating the conditions of his parole. Specifically, Delgado was charged with engaging in assaultive behavior because he spanked a five-year old male child of his fiance. He was also charged with violating his sex offender treatment program as he had been discharged from the program for numerous infractions, including missing numerous meetings, ignoring instructions not to live with his fiance and two minor male children, as well as spanking the child.

At the hearing on the matter, Delgado testified that he was watching television with his fiance's two children and her mother when one of the children kicked the other child in the mouth causing that child to bleed. He testified that he spanked the child and made him stand in the corner in order to discipline the child. Concerning his absences from the treatment program, he testified that they were the result of unavoidable conflicts with his work schedule. Delgado also offered the testimony of his father, who testified that Delgado resided with him rather than his fiance.

The Board offered the testimony of William Buckley, his parole agent, who testified that Delgado admitted spanking the child. Veronique Valliere, the director of the sex offender treatment program, testified that Delgado had been dismissed from the program because of his unexcused absences from the program and because he had con-

1. Delgado was recommitted for 2 years, 11 months and 12 days.

2. Delgado's minimum release date was March 22, 1993, and the maximum release date was March 22, 1998.

3. 18 Pa.C.S. § 3121.

4. 18 Pa.C.S. § 3123.

5. 18 Pa.C.S. § 3122.

6. 18 Pa.C.S. § 3126.

7. 37 Pa.Code § 63.4 provides for the general conditions of parole and, among other things, requires that a parolee shall refrain from an

assaultive behavior. However, the regulation does not define the term "assaultive behavior."

8. Condition of parole No. 7 requires that Delgado comply with all the special conditions of parole and the special conditions section of the conditions of parole form, which provides:

> Out patient sex offender treatment is a special condition of your parole supervision until the treatment source and/or parole supervision staff determine it is no longer necessary.... You will follow all treatment recommendations and instructions of the treatment and/or parole supervision staff. .... You must not reside with or be alone with minor female children without another responsible adult present.

(Record, p. 6). Additionally, on February 1, 1995, Delgado was instructed not to be alone

tact with minors in violation of program rules.

The Board concluded that Delgado violated 37 Pa.Code § 63.4 by failing to refrain from assaultive behavior and that he had not successfully completed the sex offender program. The Board ordered Delgado recommitted for the remainder of his term as a multiple technical parole violator.[9] This appeal followed.[10]

■ Not disputing that Delgado violated a special condition of his parole by failing to complete the sex offender program, Delgado contends that the Board erred in concluding that spanking his fiance's child was assaultive behavior. Because the Board's regulations do not define that term, he maintains that assaultive behavior takes on the definition of simple assault as that term is used in the Crimes Code.[11] Under that definition, he contends that his conduct in spanking the child was not assaultive behavior.

However, in *Moore v. Pennsylvania Board of Probation and Parole*, 95 Pa.Cmwlth. 531, 505 A.2d 1366 (1986), *petition for allowance of appeal denied*, 516 Pa. 619, 531 A.2d 1121 (1987), we rejected such an interpretation.

In that case, a parolee was recommitted by the Board for assaultive behavior when he made phone calls to a victim threatening her with mutilation and rape. On appeal, the parolee argued that because, under the Crimes Code, more than mere threats were needed for assault, he did not engage in assaultive behavior. In holding that the parolee had engaged in assaultive behavior, the court noted that the definition of assault in the Crimes Code was not controlling and, instead, applied the ordinary dictionary meaning [12] of the term "assault." Here, Delgado admittedly struck the five-year old, and although he testified that he did it to discipline the child, it still fits with in the definition of assault, as it is a violent physical attack and, therefore, was assaultive behavior.

Even if his conduct falls within the definition of assaultive behavior, the Crimes Code, 18 Pa. C.S. § 509, allows for the use of force in disciplining children, providing, in relevant part:

The use of force upon or toward the person of another is justifiable if:

---

with minors of either sex without a responsible adult present. (Record, p. 9).

9. Section 21.1 of the Act of August 6, 1941, P.L. 861, *added by* Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. § 331.21a, provides for recommitment of parole violators who violate a condition of their parole other than conviction of a new crime. The Act terms these parole violators "technical parole violators." The Board's regulations, specifically, 37 Pa.Code § 75.4, provides for presumptive ranges of the length of recommitment depending upon the particular condition violated and depending upon whether there are single or multiple violations. For a violation of general condition 5(c), which requires a parolee to refrain from assaultive behavior, the presumptive range for both a single and multiple violation is 6 to 18 months. For a violation of a special condition of parole, which in this case was a requirement to complete the sex offender program, the presumptive range is 3 to 18 months. In a case where there are multiple technical parole violations including a violation of a special condition, 37 Pa.Code § 75.3(f) requires that the backtime for the violation of the special condition be aggregated with other backtime. Based upon these regulations, the Board concluded that the presumptive range for Delgado's violations was 9 to 36 months and recommended that he serve 36 months. However, because his unexpired term was less than 36

months, he was ordered to serve the remainder of his unexpired term.

10. This court's scope of review of the Board's decision is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact are not supported by substantial evidence. *Williams v. Pennsylvania Board of Probation and Parole*, 145 Pa.Cmwlth. 31, 602 A.2d 434, *petition for allowance of appeal denied*, 533 Pa. 616, 618 A.2d 405 (1992).

11. 18 Pa.C.S. 2701(a) defines simple assault as follows:

Offense defined.—A person is guilty of assault if he:
(1) attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another;
(2) negligently causes bodily injury to another with a deadly weapon; or
(3) attempts by physical menace to put another in fear of imminent bodily injury.

12. *Websters Ninth New Collegiate Dictionary*, 108 (9th Ed.1989) defines assault as: "1) a violent physical or verbal attack; and 2) an apparent violent attempt or a willful offer of force or violence to do hurt to another without the actual doing of the hurt threatened."

(1) The actor is the parent or guardian or other person similarly responsible for the general care and supervision of a minor or a person acting at the request of such parent, guardian or other responsible person and:

(i) the force is used for the purpose of safeguarding or promoting the welfare of the minor, including the preventing or punishment of his misconduct; and

(ii) the force used is not designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain or mental distress or gross degradation.

Not surprising because it would have been a violation of a condition of parole, Delgado offered no evidence that he was put in charge of his fiance's child. In fact, he testified that his fiance's practice was to leave her children with her grandmother, not with him. (Record, pp. 41–42). Because Delgado was neither the parent nor guardian of the child and was not acting at the request of the child's parent or guardian in spanking the child, his argument that he was "justified" fails.[13]

Because spanking of the child falls within the ordinary meaning of the term "assaultive behavior" and his action was not justified, the Board did not err in concluding that Delgado engaged in assaultive behavior. Accordingly, we affirm the order of the Board.

### ORDER

AND NOW, this 21st day of June, 1996, the order of the Pennsylvania Board of Probation and Parole at Parole No. 3909v, dated September 25, 1995, is affirmed.

SMITH, J., concurs in the result only.

---

13. *See Seyler v. Pennsylvania Board of Probation and Parole*, 97 Pa.Cmwlth. 302, 509 A.2d 438 (1986), wherein we held that a stepfather engaged in assaultive behavior where the spanking he administered to his stepchild was of sufficient severity so as to require the involvement of the police and the Children and Youth authorities.