**Edward TAYLOR, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 10, 2010.

Decided Dec. 22, 2010.

Kent D. Watkins, Saint Clair, for petitioner.

Arthur R. Thomas, Asst. Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

Edward Taylor petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) that recommitted him as a convicted parole violator and recalculated his maximum sentence date. The Board based its determination on Taylor's criminal conviction in the State of Georgia. In this appeal we consider whether the Board erred in concluding that a Georgia state court is, in fact, a

"court of record" for purposes of the Prisons and Parole Code, 61 Pa.C.S. §§ 101–6309. Finding no error by the Board, we affirm.

In July 1992, Taylor was convicted of drug offenses in Allegheny County. He was sentenced to serve a five to fifteen year term with a maximum sentence date of May 17, 2007. On February 16, 1998, Taylor was paroled, but in October of the same year he was recommitted as a technical parole violator for drug possession and sentenced to serve nine months of back time. Taylor's maximum date remained May 17, 2007. In September 1999, Taylor was again paroled. In April 2000, he was again recommitted as a technical parole violator for drug use and ordered to serve 10 months back time; his maximum sentence date, May 17, 2007, was unchanged.

Taylor was paroled again in January 2002. In May 2003, he was convicted of new drug offenses in Allegheny County and sentenced to incarceration for a term of two years, six months to six years. Accordingly, in September 2003, the Board recommitted him as a convicted parole violator to serve twelve months back time and recalculated his new maximum sentence date to be June 29, 2010.

On October 31, 2006, Taylor was reparoled and released to an approved Interstate Home Plan in Dekalb County, Georgia. Taylor remained under the supervision of Georgia authorities until June 10, 2009, when he was arrested for giving a false name to a police officer. He was also arrested for violating condi-

tion #3A of his parole, *i.e.*, failure to report to the Georgia parole supervision staff as instructed. A day later on June 11, 2009, Taylor pleaded guilty in the State Court of Dekalb County, Georgia, to giving a false name to police and was sentenced to six days confinement in the Dekalb County jail.

The Board held a revocation hearing on December 1, 2009. During the hearing, Taylor acknowledged entering a guilty plea for the crime of giving a false name to a police officer, and that the plea was accepted by the State Court of Dekalb County, Georgia. However, Taylor argued that the State Court of Dekalb County is not a court of record and, therefore, his infraction should be treated as a violation of his parole condition and not as a new conviction.[1] On December 18, 2009, the Board recommitted Taylor to serve six months back time as a technical parole violator for violation of condition #3A of his parole and a concurrent six months as a convicted parole violator. The Board recalculated his new maximum sentence date to be January 20, 2014.

■ Taylor filed an appeal for administrative relief, and the Board affirmed its order. Taylor now petitions this Court for review.[2]

■ Taylor raises one issue on appeal, namely that the Board erred in recommitting him as a convicted parole violator. Specifically, Taylor argues that the Board lacked evidence to support its finding that the State Court of Dekalb County, Geor-

1. In Taylor's brief, he contends that the condition he violated was condition #4 which requires him to "comply with all municipal, county, state and Federal criminal laws...." Taylor Brief at 10; Certified Record, Item No. 18, at 76.

2. This Court's review of a decision of the Board is limited to a determination of wheth-

er the Board's findings are supported by substantial evidence, whether an error of law was committed, or whether any of the parolee's constitutional rights were violated. *Leese v. Pennsylvania Board of Probation and Parole*, 131 Pa.Cmwlth. 448, 570 A.2d 641, 643 n. 1 (1990).

gia, is a court of record. Taylor contends that the Board needed evidence in the form of certified documentation from the State of Georgia to establish that its state courts were "courts of record;" however, the record lacks such documentation. Accordingly, Taylor argues that his parole violation should have been considered a technical, not a criminal, parole violation and that his time on parole should be counted towards his original sentence.

The Board may revoke parole where the parolee commits a crime while on parole. Section 6138 of the Prisons and Parole Code states, in relevant part, as follows:

A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole ... commits a crime punishable by imprisonment, for which the parolee ... pleads guilty ... at any time thereafter *in a court of record,* may at the discretion of the board be recommitted as a parole violator.

61 Pa.C.S. § 6138(a)(1) (emphasis added).[3] The Code does not define "court of record," but it is broad enough to include the courts of any state or of the federal government. The question of whether a particular court is a "court of record" is determined by statute. In Pennsylvania, the Judicial Code establishes that "every court of this Commonwealth" is a court of record. 42 Pa.C.S. § 321.[4] Likewise, Georgia

statute establishes that all its state courts are "courts of record," and this includes the State Court of Dekalb County. GA. CODE ANN. § 15–7–41.[5] Lest there be any doubt, the Court of Appeals of Georgia has specifically declared that "[t]he State Court of Dekalb County is a 'court of record.'" *Napper v. National Mortgage Group, Inc.,* 194 Ga.App. 148, 390 S.E.2d 70, 71 (1990) (quoting GA.CODE ANN. § 15–7–41).

In support of his argument that the Board had to prove by documentary evidence that the State Court of Dekalb County is a court of record, Taylor points to *Carter v. Pennsylvania Board of Probation and Parole,* 117 Pa.Cmwlth. 635, 544 A.2d 107 (1988). The issue in *Carter* was whether certified documents from another state can be used at a revocation hearing to prove a New Jersey conviction. This Court rejected Carter's claim that he had a right to cross-examine the person who certified the conviction records. The case has nothing to do with whether the New Jersey state court was a court of record and is inapposite.

■ Judicial notice "authorizes the finder of fact to waive proof of facts that cannot seriously be contested." *Ramos v. Pennsylvania Board of Probation and Parole,* 954 A.2d 107, 109 (Pa.Cmwlth.2008). Since 1858, the Supreme Court of Pennsylvania has stated that this Commonwealth

---

3. The Board's power to recommit a parolee under its jurisdiction was previously governed by Section 21.1 of the Parole Act, Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.21a, added by the Act of August 24, 1951, P.L. 1401, *as amended.* The Parole Act was repealed by the Act of August 11, 2009, P.L. 147, No. 33.

4. Section 321 of the Judicial Code defines a court of record in Pennsylvania as follows:
   Except as otherwise provided in this subpart every court of this Commonwealth shall be a court of record with all the quali-

ties and incidents of a court of record at common law.
42 Pa.C.S. § 321.

5. It states:
   The state courts shall be courts of record and shall have a seal; and the minutes, records, and other books and files that are required by law to be kept for the superior courts shall, in the same manner, so far as the jurisdiction of state courts may render necessary, be kept in and for such courts.
   GA.CODE ANN. § 15–7–41.

will take judicial notice that state courts are courts of record. *Rump v. Commonwealth,* 30 Pa. 475, 1858 WL 7746, at *3 (1858) ("That the court mentioned in the indictment, was a court of record of this Commonwealth, is a fact of which this court will take judicial notice, and that the state courts have jurisdiction."). Further, because Georgia statute establishes that the State Court of Dekalb County is a court of record, no evidence was required. The law is evidence of itself.

For these reasons, we affirm the decision of the Board.[6]

### ORDER

AND NOW, this 22nd day of December, 2010, the order of the Pennsylvania Board of Probation and Parole dated April 2, 2010, in the above-captioned matter is hereby AFFIRMED.

**6.** The Code provides, in relevant part, as follows:

    (a) Convicted violators.

        \*     \*     \*

    (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and shall be given no credit for the time at liberty on parole.

61 Pa.C.S. § 6138(a)(2). The Board correctly ordered the forfeiture of Taylor's time spent "at liberty on parole."